**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONTA ORLANDO JORDAN,

               Petitioner - Appellant,

   v.

LINDA MCGREW,

            Respondent - Appellee.

No. 14-55652

D.C. No. 5:13-cv-01408-R-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted November 17, 2014[**]
Pasadena, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and PONSOR, Senior District Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

Jordan argues that he overserved a prior term of imprisonment because the Bureau of Prisons incorrectly calculated the start date of that sentence. Jordan now wants what counsel called "overserved" time to be credited to the current sentence he is serving.

As a preliminary matter, it appears that Jordan's claim is moot because he has completed the sentence he claims he overserved. See Burnett v. Lampert, 432 F.3d 996 (9th Cir. 2005). Jordan's current incarceration is for violating the terms of his supervised release relating to a drug conviction; however, Jordan is seeking credit for overserved time relating to an assault conviction. The term of imprisonment and supervised release for that assault conviction have now been completed.

Even if our analysis of mootness is mistaken, Jordan's claim must fail because he did not overserve time for the assault conviction. In reducing Jordan's term of imprisonment from 96 months to 57 months, the district court adopted the sentencing agreement proposed by the prosecution and defense. That sentencing agreement specified that Jordan's sentence was to run concurrently with his sentence for drug distribution, and that he would be released within ten days.

2

Jordan reads this to mean that he should be treated as having completed his sentence for assault prior to his release from prison.

However, the sentencing agreement provided that "in no event may the reduced term of imprisonment [for the assault conviction] be less than the term of imprisonment the defendant has already served." The parties agreed that Jordan's modified term of imprisonment for the assault was not to be less than the time he had already served for the assault. The district court accepted this sentencing agreement without modification, specifically incorporating the parties' provision that "in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

Jordan argues that this language in the district court's sentencing order does not apply because it comes from an inapplicable sentencing guideline. However, the intent of the district court guides any retrospective inquiry into the nature and term of a sentence. See U.S. v. Carter, 742 F.3d 440, 448 (9th Cir. 2014) (citing Fenner v. U.S. Parole Comm'n, 251 F.3d 782, 786 (9th Cir. 2001)). Here, the district court intended that Jordan's modified term of imprisonment cover the entire time he was in custody on the assault charge. The district court expressly

3

did not intend to reduce Jordan's sentence in such a way that Jordan ended up with overserved time.

In calculating the commencement date of Jordan's modified sentence, the Bureau of Prisons calculated the date consistent with both the district court's and the parties' intent to effectuate Jordan's immediate release from custody without creating any overserved time. The Bureau of Prisons committed no error in setting that commencement date for Jordan's sentence, but instead effectuated the clear intent of the district court that the modified sentence create no overserved time.

**AFFIRMED.**